**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mario Oaxaca Ramirez,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Toers Bijins, et al.,<br><br>　　　　Respondents. | No. CV 07-1444-PHX-SMM (JJM)<br><br>**ORDER** |

Petitioner Mario Oaxaca Ramirez, who is confined in the Arizona State Prison Complex, Meadows Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1]  He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case no. CR2001-009260, of sexual misconduct with a minor and was sentenced to a 13-year term of imprisonment. In his Petition, Petitioner names Toers Bijins, warden, and the Arizona Attorney General as Respondents.

Petitioner raises four grounds for relief. He alleges that he was denied the effective assistance of trial counsel based on counsel's failure to interview and present evidence from three witnesses who could have exculpated Petitioner. He also alleges that he was denied the right to testify at trial on his behalf to contradict state evidence. Petitioner alleges that

---

[1] "Doc.#" refers to the docket number of filings in this case.

1 imposition of a 13-year sentence was cruel and unusual and violated the Eighth Amendment
2 where probation was available and Petitioner was innocent of the crime.  Last, Petitioner
3 alleges that the prosecutor engaged in misconduct in violation of Petitioner's federal due
4 process rights based upon the prosecutor's alleged failure to disclose evidence to the defense
5 prior to trial.

6 It is unclear whether Petitioner has exhausted his claims.  Even assuming that the
7 exhaustion requirement has not been met, it appears that any unexhausted claim may be
8 procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would
9 be inappropriate.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
10 petitioner failed to exhaust claims and it was not clear whether the claims were procedurally
11 barred).  Accordingly, an answer is required.  28 U.S.C. § 2254(a).

12 **II.    Warnings**

13 **A.    Address Changes**

14 Petitioner must file and serve a notice of a change of address in accordance with Rule
15 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other
16 relief with a notice of change of address.  Failure to comply may result in dismissal of this
17 action.

18 **B.    Copies**

19 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
20 copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a
21 certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner
22 must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to
23 comply may result in the filing being stricken without further notice to Petitioner.

24 **C.    Possible Dismissal**

25 If Petitioner fails to timely comply with every provision of this Order, including these
26 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
27 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
28 comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (doc.# 1) and this Order on the Respondents, including the Attorney General of the State of Arizona, by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Jacqueline J. Marshall pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 20th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge

TERMPSREF