# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Oaxaca Ramirez,<br><br>            Petitioner,<br><br>v.<br><br>Toers Bijins, et al.,<br><br>            Respondents. | CV 07-1444 PHX-SMM (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner Mario Oaxaca Ramirez's Petition for Writ of Habeas Corpus [Docket No. 1]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. Respondent filed his answer on December 12, 2007 [Docket No. 7]. Petitioner filed his reply on December 31, 2007 [Docket No. 8]. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Trial and Appeal**

On May 2, 2002, a Maricopa County jury found Petitioner guilty of sexual conduct with a minor and found that the victim was under the age of 15. (Exhibit K).[1] On August 13, 2002, Petitioner was sentenced to serve a mitigated term of 13 years' imprisonment. (Exhibit M.)

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Write of Habeas Corpus.

Petitioner appealed his conviction and, on January 3, 2003, filed his opening brief. (Exhibit N.) The State filed and answering brief. (Exhibit O.) In a Memorandum Decision filed on June 17, 2003, the Arizona Court of Appeals affirmed Petitioner's conviction. (Exhibit P.) Petitioner filed a petition for review by the Arizona Supreme Court. (Exhibit Q.)  By order dated September 29, 2003, the Arizona Supreme Court denied review. (Exhibit R.)

### B.     First Petition for Post-Conviction Relief

On October 20, 2003, Petitioner filed his first notice of Post-Conviction Relief ("First PCR") in the Maricopa County Superior Court. (Exhibit S.)  The trial court appointed Petitioner counsel for his PCR proceedings. (Exhibit T.)  On January 26, 2004, Petitioner's counsel filed a notice informing the court that he was "unable to find any facially colorable claims," and requesting time for the Petitioner to file a petition in *pro per*. (Exhibit U.) The trial court granted the request. (Exhibit V.)

On April 28, 2004, Petitioner filed a *pro per* petition for PCR.  (Exhibit W.) Petitioner petition raised claims of ineffective assistance of counsel, prosecutorial misconduct, and cruel and unusual punishment under the Eighth Amendment. (*Id*.) The State filed a response to Petitioner's petition. (Exhibit X.) Petitioner filed a reply. (Exhibit Y.) On August 13, 2004, the trial court addressed Petitioner's claims and dismissed his First PCR. (Exhibit Z.)

On September 14, 2004, Petitioner petitioned for review of the dismissal of his First PCR by the Arizona Court of Appeals. (Exhibit AA.)  The State filed a response to Petitioner's petition for review. (Exhibit BB.) On February 25, 2005, Petitioner filed a motion for reconsideration in the Arizona Court of Appeals that appears to have been directed to both the trial and appellate court. (Exhibit CC.) On July 19, 2005, the Arizona Court of Appeals summarily denied review of the denial of Petitioner's First PCR. (Exhibit DD.)

### C.     Second Petition for Post-Conviction Relief

On February 14, 2006, Petitioner filed a second notice of Post-Conviction Relief ("Second PCR") claiming ineffective assistance of counsel and actual innocence. (Exhibit EE.) By Minute Entry Order dated March 13, 2006, the trial court dismissed Petitioner's Second PCR because he raised similar claims in his First PCR and his Second PCR was therefore untimely. (Exhibit FF.) On March 23, 2006, Petitioner filed a motion for reconsideration. (Exhibit GG.) By Minute Entry Order dated April 17, 2006, the trial court denied Petitioner's motion for reconsideration. (Exhibit HH.)

On March 12, 2006, Petitioner sought review of the trial court's dismissal of his Second PCR. (Exhibit II.) On March 19, 2007, the Arizona court of Appeals summarily denied review. (Exhibit JJ.) Petitioner filed a petition for review by the Arizona Supreme Court. (Exhibit KK.) By order filed June 5, 2007, the Arizona Supreme Court summarily denied review. (Exhibit LL.)

### D. The Pending 2254 Petition

On August 2, 2007, Petitioner filed the instant habeas petition, which alleges the four bases for relief. In Ground I, Petitioner asserts that a Fourteenth Amendment due process violation resulted from his trial counsel's failure to interview witnesses who would have exonerated him. In Ground II, Petitioner asserts that an Eighth Amendment violation has resulted from the excessive sentence that was imposed. In Ground III, Petitioner alleges a violation of the Sixth Amendment resulted when he was denied his right to testify at trial. In Ground IV, Petitioner claims that his right to due process under the Fourteenth Amendment was violated based on prosecutorial misconduct in withholding and failing to disclose evidence. *Petition*, pp. 5-8.

## II.   LEGAL DISCUSSION

### A.   Statute of Limitation

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitation on state prisoners seeking federal habeas relief from their state convictions. *See Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). The statutory tolling

provisions of AEDPA provide that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). *See also Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

In this case, the Arizona Supreme Court denied review of Petitioner's direct appeal on September 29, 2003. (Exhibit R.) Petitioner then had 90 days, or until December 29, 2003, to file a petition for writ of certiorari in the United States Supreme Court. *See brambles v. Duncan*, 330 F.3d 1197, 1201 (9th Cir. 2003); *Bowen v. Roe*, 188 F.3d 1157, 1158, 59 (9th Cir. 1999) (holding that the period of direct review in 28 U.S.C. § 2255(d)(1)(A) includes the 90-day period within which a petitioner can file a petition for a writ of certiorari form the United States Supreme Court, whether or not the petitioner actually files such a petition); U.S.S.Ct. Rule 13. Since petition did not pursue relief in the United States Supreme Court, his conviction became final on December 29, 2003.

Under the AEDPA's one-year statute of limitations, the limitations period begins to run the day after the date on which the time to seek review expires, *see Wixon v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001), unless it was subject to tolling by any pending action for state post-conviction relief. *See Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001). Here, Petitioner had filed a notice of his First PCR on October 20, 2003. (Exhibit S.) Thus the statute of limitations was immediately tolled and remained so while Petitioner's First PCR remained pending. After the trial court dismissed the First PCR, Petitioner appealed to the Arizona Court of Appeals, which denied review on July 19, 2005. (Exhibit DD.) Accordingly, the AEDPA statute of limitations began to run on August 18, 2005, when the Petitioner's opportunity to petition the Arizona Supreme Court for review expired. *See* 28 U. S. C. § 2244(d)(1)(A) (stating that a judgment becomes final either at the conclusion of direct review or the expiration of the time for seeking such review); Ariz.R.Crim.P. 31.19(a) (defendant has thirty days after the filing of a decision to file a petition for review by the Arizona Supreme Court). Thus, unless otherwise tolled, Petitioner had one year from when

the limitations period began to run, that is until August 18, 2006, to seek federal habeas relief.

Petitioner did not have any action for post-conviction relief pending in the state courts from August 18, 2005, through February 14, 2006. As described above, however, Petitioner filed his Second PCR on February 14, 2006, but the trial court dismissed it as untimely. As the trial court noted, when Petitioner filed his Second PCR, the time for filing a Rule 32 of-right proceeding had long expired. *See* Rule 32.4(a), Ariz. R. Crim. P. ("notice must be filed within ninety days afer the entry of judgment and sentence . . . ."); *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005) (holding a state petition that is not filed within the state's required time limit is not "properly filed" and therefore does not toll the limitations period). Thus, unless subject to equitable tolling (which it is not), the time for Petitioner to file the pending federal habeas corpus petition expired on August 18, 2006. As it was not filed until August 2, 2007, it is untimely by nearly a year.

### B. Equitable Tolling

Assuming equitable tolling is available at all, *see Bowles v. Russell*, 551 U.S. 205 (2007), it is applicable only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997*), overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en banc*). Equitable tolling is justified in few cases: "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling requires a petitioner to show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. Petitioner carries the burden of showing this exclusion should apply to him. *Id.* Further, he must prove the alleged extraordinary circumstance was the but-for and proximate cause of his untimeliness. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).

In his reply, Petitioner asserts that all his legal materials were confiscated from another prisoner who was assisting him, Rick A. Foley. In support of this assertion, Petitioner has attached to the reply as Exhibit One an "Inmate Property Contraband Release." The release is dated July 29, 2004. Petitioner's First PCR was not final until about one year later. As such, the limitations period was tolled when the confiscation occurred and Petitioner had about a year before his First PCR was concluded and two years before the federal habeas corpus limitations period would expire.

Petitioner further complains that Foley was no longer able to assist him. As there is no constitutional right to counsel in state collateral review proceedings, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991), there was certainly no right for Petitioner to have access to another prisoner for legal assistance. Moreover, the release does describe property seized from Foley as including legal material belonging to Petitioner, but it also provides a section for the inmate, in this case Petitioner, to indicate what should be done with the property. Petitioner does not indicate whether the legal materials were returned to Petitioner, only that they were confiscated from Foley. Thus, based on the record, Petitioner had ample time after the confiscation of his material from Foley to both obtain his legal materials and decide how to proceed in his case. Had Petitioner been diligent, he would have himself pursued his claims at the conclusion of his First PCR and filed a federal petition. He did not, and, as such, is not entitled to equitable tolling and his habeas petition must be dismissed because it is time-barred.

### III. RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

1      However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(a) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-1441-PHX-SMM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

     DATED this 27th day of March, 2009.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge