**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARIO OAXACA RAMIREZ,<br><br>    Petitioner,<br><br>vs.<br><br>TOERS BIJINS, et al.,<br><br>    Respondent, | No. CV 07-1444-PHX-SMM (JJM)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Petitioner Mario Ramirez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The matter was referred to Magistrate Judge Jacqueline J. Marshall for a Report and Recommendation (Doc. 2). On March 27, 2009 the Magistrate Judge filed a Report and Recommendation with this Court recommending that the Petition be denied (Doc. 11). On April 21, 2009, Mr. Ramirez filed his Objection to the Report and Recommendation (Doc. 16). Defendant did not respond to Mr. Ramirez's Objection. After considering the Report and Recommendation and the arguments raised in Mr. Ramirez's Objection thereto, the Court now issues the following ruling.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

# DISCUSSION[1]

In his Petition, Mr. Ramirez challenges his conviction by the Maricopa County Superior Court, CR 2001-009260, of sexual misconduct with a minor, pursuant to a jury verdict (Dkt. 1). Petitioner's conviction became final on December 29, 2003. More than three years later, Petitioner filed his Petition on August 2, 2007.

The Magistrate Judge found that the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") barred the Petition. 28 U.S.C. § 2244(d)(1); see also Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). First, the Magistrate Judge concluded that no statutory tolling applied. Petitioner had filed his First Post-Conviction Relief notice ("PCR") on October 20, 2003. While the statute of limitations was tolled while Petitioner's First PCR remained pending, the First PCR was dismissed by the trial court and the Arizona Court of Appeals later denied review on July 19, 2005. Consequently, the AEDPA statute of limitations began to run on August 18, 2005, when the Petitioner's opportunity to petition the Arizona Supreme Court for review expired.

Although Petitioner filed a Second PCR on February 14, 2006, the trial court dismissed it as untimely. As the trial court noted, when Petitioner filed his Second PCR, the time for filing a Rule 32 of right proceeding had long expired. See Ariz. R. Crim. P. 32.4(a) ("notice must be filed within ninety days after the entry of judgment and sentence . . . ."). As a result, the state petition was not "properly filed" and failed to toll the limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005) (holding a state petition that is not filed within the state's required time limit is not "properly filed" and therefore does not toll the limitations period). Therefore, the time for Petitioner to file the pending federal habeas corpus petition expired on August 18, 2006, one year after the expiration of Petitioner's opportunity to petition the Arizona Supreme Court. As the Petition was not filed until August 2, 2007, it was untimely by nearly a year.

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 11).

- 2 -

1    The Magistrate Judge also concluded that no equitable tolling applied because
2 Petitioner did not meet his burden of establishing extraordinary circumstances beyond his
3 control made it impossible for him to file the Petition on time. See Calderon v. United States
4 Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by
5 Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc)

6    Petitioner specifically objects to the Report and Recommendation on the ground that
7 equitable tolling should apply.  Petitioner contends that he was separated from his legal
8 papers and did not have the legal training to present his arguments in this case. Furthermore,
9 Petitioner claims that he and an inmate assisting him with his case were separated at different
10 prisons for a period, and thus, Petitioner did not have the inmate's help in preparing the
11 Petition. According to Petitioner, there were extraordinary circumstances beyond his control
12 that made it impossible for him to file a timely Petition.

13    Having reviewed the legal conclusions of the Report and Recommendation of the
14 Magistrate Judge, and the objections having been made by Petitioner thereto, the Court finds
15 that the Magistrate Judge adequately addressed all of Petitioner's arguments.  Therefore, the
16 Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation of the magistrate judge (Doc. 11).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

DATED this 12th day of May, 2009.

Stephen M. McNamee
United States District Judge